UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

GLENN R. BAKER,

        Plaintiff,

v.                                Case No:  2:17-cv-572-FtM-99MRM

BRUNSWICK CORPORATION,
MARINEMAX EAST, INC. and
BOSTON WHALER, INC.,

        Defendants.

_____/

## OPINION AND ORDER[1]

      This matter comes before the Court on Defendants' Motion to Dismiss (Doc. 25).

Plaintiff filed a Response in Opposition (Doc. 33).  For the reasons below, the Motion is

granted in part with leave to amend.

## BACKGROUND

      After Plaintiff Glenn R. Baker's unsuccessful efforts to have his boat repaired by

Defendants, he sued.  As outlined in the Amended Complaint, after purchasing a 35-foot

Boston Whaler Outrage from retailer MarineMax East, Inc. (MarineMax) on May 8, 2015

for approximately $500,000, Plaintiff began experiencing problems with the steering

mechanism, which, unbeknownst to Plaintiff, had been recalled eight days before the

---

[1] Disclaimer:  Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience.  Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees.  By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites.  Likewise, the Court has no agreements with any of these third parties or their websites.  The Court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

boat's delivery to him.[2] (Doc. 18, ¶¶ 15, 19). The steering mechanism continued to fail, resulting in numerous breakdowns that left Plaintiff stranded in the middle of the Gulf of Mexico. MarineMax serviced the boat at least five times between December 2015 and April 2017. (*Id.* at ¶¶ 21-22). In August 2017, Plaintiff had had enough and returned the boat to MarineMax, requesting a rescission of the sale and related damages, which were refused. (*Id.* at ¶ 28; Doc. 18-1).

Plaintiff alleges breach of express and implied warranties under both the Magnuson-Moss Warranty Act and Florida law, based on a Purchase Agreement (Doc. 11-1) and a "Boston Whaler Limited Warranty" (Doc. 11-2)[3] provided to Plaintiff by MarineMax at the time of sale. Plaintiff also alleges a claim under the Florida Deceptive and Unfair Trade Practices Act. Defendants move to dismiss, arguing the Amended Complaint is a shotgun pleading, and otherwise fails for lack of privity of contract and some exclusions in the warranty agreements. The Court agrees that dismissal is warranted because the Amended Complaint is a shotgun pleading.

## LEGAL STANDARD

Federal Rules of Civil Procedure 8 and 10 provide the minimum requirements for pleadings. Rule 8(a)(2) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although the complaint need not make detailed factual allegations, it must provide more than labels, conclusions, and formulaic recitations of the elements of the cause of action. *See*

---

[2] MercuryMarine provided Plaintiff with the notice of recall three weeks after delivery of the boat. (Doc. 18, ¶ 20).

[3] Plaintiff's Amended Complaint references exhibits attached to Defendants' first Motion to Dismiss (Doc. 11). Plaintiff should attach any exhibits that it wishes to rely on to the actual complaint.

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Rule 10(b) provides that "[a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances."  Fed. R. Civ. P. 10(b).  A problem arises when a plaintiff fails to follow the rules.  One such problem is a "shotgun pleading."  One type of shotgun complaint is a pleading that "assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against."  *Weiland v. Palm Beach Cnty. Sherriff's Office*, 792 F.3d 1313, 1322 (11th Cir. 2015).  "Courts in the Eleventh Circuit have little tolerance for shotgun pleadings.  *See Vibe Micro, Inc. v. Shabanets*, No. 16-15276, 2018 WL 268849, at *2 (11th Cir. Jan. 3, 2018) (citations omitted).  This is because, among other things, "[t]hey waste scarce judicial resources, 'inexorably broaden[] the scope of discovery,' 'wreak havoc on appellate court dockets,' and 'undermine[] the public's respect for the courts.'"  *Id.* (citation omitted); *see also Weiland*, 792 F.3d at 1323 (stating [s]hotgun pleadings "in one way or another, [fail] to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests" (footnoted omitted)).  As a result, when faced with a shotgun pleading, a district court should require the plaintiff to file an amended complaint rather than allow the case to proceed to trial.  *See Paylor v. Hartford Fire Ins. Co.*, 748 F.3d 1117, 1127-28 (11th Cir. 2014) (criticizing the district court for not policing shotgun pleadings).

**DISCUSSION**

Plaintiff argues the Amended Complaint is not a shotgun pleading because Defendants manufactured and sold the boat through a common and uniform course of action, and Defendants individually and collectively through their agents and dealers warranted the boat to be free of defects and failed to disclose defects it was aware of. Plaintiff asserts that before discovery he cannot determine which company's representative was acting on behalf of whom when the warranties were made to state each Defendants' role with greater specificity. Each Defendants' role in the transaction is important – Boston Whaler, Inc. manufactured the boat, the Mercury Marine Division of Brunswick Corporation manufactured the steering mechanism, and MarineMax sold the boat to Plaintiff.

Although sometimes it may make sense to lump defendants together in the initial stages of litigation, that is not the case here as each Defendant and their role in the transaction is unique and determinative of their liability. For example, when arguing he has stated a claim for breach of express warranty against MarineMax, Plaintiff's Response states that MarineMax *acted as an agent* for both Defendants, and represented that it would repair the boat under the recall and warranties. (Doc. 33, p. 11). Plaintiff also states that MarineMax provided express warranties under Florida law by representing to Baker that the boat was of the highest quality and would perform as described in the advertising literature. (*Id.* at 12). Nowhere in the Amended Complaint are these allegations set forth against MarineMax and any agency relationship should be set forth for each Defendant.

Another instance that highlights the individual nature of the allegations against each Defendant is there was a written limited warranty (Doc. 11-2) provided by Boston

Whaler and a Purchase Agreement (Doc. 11-1) provided by MarineMax, but no express written warranty is allege to have been provided by Brunswick. On privity, Plaintiff states that through agency and direct contacts Defendants induced him to purchase the boat. (Doc. 33, p. 13). Again, the Amended Complaint does not allege which Defendant was acting as an agent of whom to establish privity, or which entity's direct contacts induced Plaintiff to purchase the boat.

Plaintiff may address these deficiencies and file a Second Amended Complaint. Because amendment could affect each Defendants' argument for failure to state a claim, the Court will defer any further rulings. As for Defendants' argument that privity of contract is required to state a claim for breach of express warranty, the Court encourages the parties to review a recent published opinion from the Eleventh Circuit on this issue. *See Godelia v. ZOLL Services, LLC*, --- F.3d ---, 2018 WL 776272, *8 (11th Cir. Feb. 8, 2018).

Accordingly, it is now

**ORDERED:**

(1) Defendants' Motion to Dismiss (Doc. 25) is **granted in part and denied in part.** The Motion is granted to the extent that the Amended Complaint (Doc. 18) is dismissed without prejudice as a shotgun pleading with leave to amend and otherwise denied in all other respects.

(2) Plaintiff may file, on or before **February 26, 2018**, a second amended complaint that remedies the deficiency identified in this Opinion and Order. **Failure to file a timely amended pleading will result in this case being dismissed without further notice**.

**DONE** and **ORDERED** in Fort Myers, Florida this 13th day of February, 2018.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record